UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN DUPLESSIS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCATION and<br>SELECT PORTFOLIO SERVICING, INC.,<br><br>Defendants. | No. 18-cv-10226-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                                October 9, 2018

## I.     Introduction

Plaintiff Jean Duplessis ("Duplessis") brings claims against U.S. Bank National Association as Trustee for certificate holders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certification, Series 2005-AC6 ("U.S. Bank") and Select Portfolio Servicing, Inc. ("SPS") (collectively, "the Defendants"). D. 1; D. 13 at 1. The Defendants move to dismiss all of the claims asserted by Duplessis. D. 13. For the following reasons, the Court ALLOWS the Defendants' motion, D. 13.

## II.    Standard of Review

"To survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Boroian v. Mueller, 616 F.3d 60, 64 (1st Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sepúlveda-Villarini

1

v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (quoting Iqbal, 556 U.S. at 678). In evaluating a motion to dismiss, the court may consider not only the complaint but also "documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Butler v. Balolia, 736 F.3d 609, 611 (1st Cir. 2013) (quoting Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011)).

III. **Factual Background**

The following factual summary is based upon the allegations in the complaint, D. 1, which are accepted as true for the consideration of the motion to dismiss, and associated documents incorporated by reference into the complaint. Duplessis, along with his spouse, Virginia Duplessis ("Virginia"), purchased a property at 601 River Street, Mattapan, Massachusetts ("the Property") in 2005 and executed a mortgage in favor of the Mortgage Electronic Registration System ("MERS") as nominee for Entrust Mortgage Inc. ("Entrust") and Virginia executed a note in favor of Entrust. D. 2-3 at 1; D. 1 ¶ 2; D. 2-1 at 6-9. The mortgage agreement here states that "Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property." D. 2-3 at 3. The maturity date on the note was July 1, 2020. D. 2-3 at 2. The Property was purchased as an investment property and Jean Duplessis now resides in Randolph, Massachusetts. D. 1 ¶¶ 1, 13.

On July 14, 2006, MERS executed an assignment of the mortgage to U.S. Bank National Association, as Trustee for Certificate holders of Bear Stearns Asset Backed Securities 1 LLC Asset Backed Certificates, Series 2005-AC6. D. 1 ¶ 25; D. 2-1 at 4. Duplessis and Virginia fell into default on the loan. D. 1 ¶ 15. Duplessis and Virginia filed for bankruptcy and received a discharge under Chapter 7 of the U.S. Bankruptcy Code on December 10, 2008, which

extinguished their personal obligation under the note. D. 1 ¶ 16. In 2009, Duplessis and Virginia separated. D. 1 ¶ 17. Also in 2009, Duplessis received a notice from EMC Mortgage Corporation ("EMC"), then the servicer of the mortgage, requesting that Duplessis contact EMC to discuss options regarding reinstating or modifying the mortgage. D. 1 ¶¶ 12, 18. EMC refused to discuss the matter with Duplessis without the participation of Virginia. D. 1 ¶ 20. In 2010, EMC began a foreclosure action but did not consummate it. D. 1 ¶¶ 21, 22. In 2013, notice was mailed to the Property that servicing rights had been transferred to SPS, but Duplessis did not receive that notice. D. 1 ¶ 24. Duplessis "has no recollection of receiving any written notice of foreclosure," as required by Massachusetts law and the terms of the mortgage. D. 1 ¶ 31. U.S. Bank has submitted copies of letters that SPS sent to Virginia at the Property on January 8, 2016 and June 22, 2016, that communicated that the note was in default, stated that "failure to cure the default . . . may result in acceleration of" the debt, laid out the "total past due amount," stated that "you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place," and indicated that if such payment is not made, "you may be evicted from your home after a foreclosure sale." D. 8-3 at 3-5; D. 8-4 at 3-5.[1]

On January 12, 2018, Duplessis received a notice from U.S. Bank notifying him of a planned foreclosure sale to be conducted on February 9, 2018. D. 1 ¶ 54. That notice stated that Duplessis "may be liable to [U.S. Bank] in case of a deficiency in the proceeds of the foreclosure

---

[1] Duplessis does not dispute that the Court may consider the 2016 letters sent by SPS and also does not challenge their authenticity, but rather contends that the letters do not constitute sufficient notice. D. 17 at 5. Because the complaint's allegations are sufficiently linked to the letters, they are fairly incorporated into the complaint for the purposes of reviewing the motion to dismiss. See Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998) (holding that where "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)").

3

sale." D. 2-1 at 1. The notice was titled "Notice of Intent to Foreclosure Mortgage and Intent to Pursue Deficiency After Foreclosure of Mortgage." D. 2-1 at 1. The notice was mailed to Duplessis' current Randolph address. D. 2-1 at 1; D. 1 ¶ 1.

## IV. Procedural History

On February 5, 2018, Duplessis filed this lawsuit against U.S. Bank and SPS, D. 1, and moved for a temporary restraining order to enjoin the pending foreclosure of the Property, D. 2, which the Court denied after a hearing, D. 10. On March 14, 2018, the Defendants moved to dismiss the complaint. D. 13. The Court has now also held a hearing on the Defendants' pending motion to dismiss and took the matter under advisement. D. 21.

## V. Discussion

### A. Count I: Wrongful Foreclosure

Duplessis asserts a claim for wrongful foreclosure against SPS and U.S. Bank, contending that U.S. Bank was not entitled to foreclose for three reasons: first, that MERS did not have the authority to assign the mortgage to U.S. Bank because it only held the mortgage as nominee and that the mortgage assignment is therefore void, D. 1 ¶¶ 26-30; second, that the chain of title to the mortgage is not complete because Bear Stearns (the depositor, or the entity that created the trust for which U.S. Bank is the trustee) is not included in the chain, D. 17 at 4; and third, that Duplessis did not receive notice as required by the mortgage, D. 1 ¶ 31.

As to the first argument, the Court explained in its denial of Duplessis' motion for a temporary restraining order that MERS has the authority to assign a mortgage where, as here, the mortgage agreement that grants a mortgage to MERS as nominee for a lender authorizes MERS to exercise "all [] interests" of the lender, notwithstanding its status as nominee for a lender. D. 2-3 at 3; D. 10; see Hayden v. HSBC Bank USA, N.A., No. 16-cv-11492-DJC, 2016 WL 5746357, at

4

*1 (D. Mass. Sept. 30, 2016); Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 293 (1st Cir. 2013).

As to the second argument, the mortgage was granted to MERS, as nominee for Entrust, and MERS subsequently assigned the mortgage to U.S. Bank, so there is no reason why Bear Stearns should have held title to the mortgage. Duplessis cites Barrasso v. New Century Mortg. Co., 91 Mass. App. Ct. 42, 48 (2017), in support of the proposition that a depositor must be included in the chain of title to the mortgage. D. 17 at 3-4. In that case, however, Deutsche Bank, the party attempting to foreclose, contended that the mortgage was transferred by the original mortgagee into a trust, for which Deutsche Bank served as trustee, but was unable to produce any assignment to that effect. Barasso, 91 Mass. Appt. Ct. at 44, 49. The court relied on the absence of any assignment from the original mortgagee, much less an assignment to the "Depositor" or "any other party to" the creation of the trust, to conclude that Deutsche Bank had not proven that it had title to the mortgage. Id. at 49. Here, in contrast with the facts at issue in Barrasso, there is an assignment directly from the original mortgagee, MERS as nominee for Entrust, to the party attempting to foreclose, U.S. Bank.

Third, with respect to the notice requirements, Duplessis contends that the 2016 letters submitted by U.S. Bank do not suffice to meet the notice requirements of the mortgage. Paragraph 22 of the mortgage states that "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . . The notice shall specify . . . that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property." D. 2-3 at 13. Duplessis argues that the 2016 letters only stated that "failure to cure the default . . . may result in acceleration," and the use of the word "may" is insufficient. D. 8-3 at 3-4; D. 8-4 at 3-;

D. 17 at 5. The word "may" in the notice, however, mirrors the language in Paragraph 22 that sets out what the notice must specify. D. 2-3 at 13 (providing, under Paragraph 22 of the Mortgage, that notice shall specify, among other things, "that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property"). Thus, considering the 2016 letters sent by SPS, the complaint does not adequately allege that the U.S. Bank failed to meet the notice requirements set forth in the mortgage. Duplessis contends, in a footnote, that a notice sent in 2016 is not sufficient for a foreclosure in 2018, but cites to no authority for this proposition. D. 17 at 5 n.2.[2]

### B. Count II: Chapter 93A

Duplessis's Chapter 93A claim is premised on his wrongful foreclosure claim, D. 1 ¶¶ 40-43, and fails for the reasons explained above.

### C. Count III: Fair Debt Collection Practices Act ("FDCPA") and Breach of Contract

Duplessis's FDCPA claim and breach of contract claim are premised on his wrongful foreclosure claim, D. 1 ¶¶ 44-46, and fail for the reasons explained above.

### D. Count IV: Statute of Limitations

Duplessis contends that any effort by U.S. Bank to foreclose would violate the statute of limitations, because the statute of limitations for promissory notes is six years, Mass. Gen. L. c. 106 § 3-118(a), and it has been more than six years since Duplessis last made a payment on the note. D. 1 ¶¶ 47-51. The six-year statute of limitations for the collection on a note, however, runs

---

[2] Duplessis also argues, in passing, that U.S. Bank did not meet the statutory requirement of advertising the foreclosure sale once per week for three weeks within thirty days of the sale date, as required by Mass. Gen. L. c. 244 § 14. D. 17 at 6. The complaint, however, makes no allegations that this statutory requirement was not complied with and as such does not state a claim that U.S. Bank failed to comply with the statute on this basis either.

from "the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date," Mass. Gen. L. c. 106 § 3-118(a), not from the date of default. The original due date on the note was July 1, 2020, D. 2-3 at 2, and any acceleration occurred in 2016 or subsequently. Thus, there is no basis on which to find that the statute of limitations on the promissory note has run.

Moreover, as the Court explained in its denial of Duplessis' motion for a temporary restraining order, D. 10, a mortgage does not become unenforceable merely because the statute of limitations has run on the underlying note. See Duplessis v. Wells Fargo Bank, NA., 91 Mass. App. Ct. 1125 (2017) (unpublished) (explaining that "the statute of limitations found at G. L. c. 106 § 3-118(a) does not apply to foreclosures" because "foreclosure is an action in rem"); see also Junior v. Wells Fargo Bank, N.A., No. 17-CV-10460-RGS, 2017 WL 1199768, at *2 (D. Mass. Mar. 30, 2017) (explaining that "[w]hile the Statute of Limitations may bar the collection of a note more than six years overdue . . . the mortgagee . . . may still foreclose the mortgage"). Duplessis contends that these cases were wrongly decided, in light of the Supreme Judicial Court's opinion in Deutsche Bank Nat. Tr. Co. v. Fitchburg Capital, LLC, 471 Mass. 248 (2015). D. 17 at 7. In Fitchburg, the court interpreted the obsolete mortgage statute, which provides that "a mortgage becomes unenforceable after a certain number of years: a mortgage in which the term or maturity date is stated becomes unenforceable five years after the expiration of the term . . . ." Id. at 249 (citing Mass. Gen. L. c. 260 § 33). Fitchburg did not purport to address the relationship between the running of the statute of limitations on a note and the obsolete mortgage statute. The obsolete mortgage statute itself would not bar a foreclosure here either, where the putative foreclosure is not more than five years after either the original maturity date or the date of acceleration.

### E. Count V: Violation of the Bankruptcy Discharge Injunction

Duplessis contends that U.S. Bank violated his bankruptcy discharge injunction by mailing a letter titled "Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure of Mortgage." D. 1 ¶¶ 52-56; D. 2-1 at 1. A discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2). The bottom of the letter that Duplessis relies upon, however, states plainly "[n]o deficiency after the foreclosure sale may be pursued if you have obtained or will obtain a Chapter 7 bankruptcy discharge that covers your obligation under the note secured by the mortgage referred to above." D. 2-1 at 1. Duplessis points to In re Todt, 567 B.R. 667, 679 (Bankr. D.N.H. 2017), in which a bankruptcy court held that notwithstanding the presence of such a disclaimer in communications from the defendant, the defendant may still be liable for violating the discharge injunction where "the totality of communications . . . reflected no recognition of the issuance of the bankruptcy discharge," because "[n]o pro forma bankruptcy disclaimer can overcome the effects of repeated and continuous communications in which [the defendants] took the position that these obligations were collectible." Id. at 679; see In re Jackson, 545 B.R. 62, 70 (Bankr. D. Mass. 2016). Unlike the plaintiffs in Todt and Jackson, however, Duplessis does not allege a course of conduct by U.S. Bank that, in its totality, communicated that the debts were collectible, particularly since the only communication upon which he relies states that any deficiency will not be pursued if he had received a Chapter 7 bankruptcy discharge. Thus, the complaint fails to state a claim for violation of the bankruptcy discharge injunction.

### VI. Conclusion

For the foregoing reasons, the Court ALLOWS the motion to dismiss, D. 13.

**So Ordered.**

/s/ Denise J. Casper
                                                            United States District Judge